IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RITA A. KANANAVICIUS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JPMORGAN CHASE BANK, N.A., et al. | : | NO. 15-1823 |
| | : | |

MEMORANDUM ORDER

AND NOW, this 18th day of August 2015, upon consideration of defendants JPMorgan Chase Bank, N.A. ("Chase") and Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss the Amended Complaint (Doc. No. 9), plaintiff's response thereto (Doc. No. 10), defendants Terrence J. McCabe and McCabe, Weisberg & Conway, P.C.'s (collectively, the "McCabe defendants") Motion to Dismiss the Amended Complaint (Doc. No. 14), and plaintiff's response thereto (Doc. No. 15), it is hereby ORDERED that the motions are DENIED.

I.   Factual background and procedural history

This matter arises as part of a lengthy dispute between plaintiff Rita Kananavicius and her mortgage lenders and their attorneys. The instant action was severed from an earlier federal civil action filed by Kananavicius, No. 13-7388, because plaintiff's motion to file a supplemental complaint in that action presented distinct issues from those raised in the initial complaint and the then-pending motions for summary judgment. The first federal action was closed when this Court granted summary judgment in favor of the defendants and against plaintiff Kananavicius based on the *res judicata* effect of an underlying state court foreclosure judgment. (Order of May 27, 2015, No. 13-7388, Doc. No. 74.)[1] The allegations remaining in the instant case pertain to

---

[1] The broader factual background of this dispute is outlined in the Order granting summary judgment in No. 13-7388, and will only be discussed here to the extent relevant to the currently

defendants' acts in attempting to execute on a purportedly nonexistent judgment in the state court foreclosure action, acts which would be outside the ambit of the *res judicata* impact of the judgment itself. See Easley v. New Century Mortgage Corp., 394 F. App'x 946, 949 (3d Cir. 2010) (noting that *res judicata* does not apply to acts tangential to the judgment in question, such as the sale of a home in a foreclosure).

The state foreclosure action was tried before Judge Eugene Edward J. Maier of the Court of Common Pleas of Philadelphia County on April 24, 2014. (Order of May 27, 2015 at 3.) On December 8, 2014, Judge Maier issued a final trial disposition form stating that "verdict and judgment is entered for [Plaintiff] Wells Fargo and against [Defendant] Kananavicius. Judgment amount is $230,904.03." (Id.) He also issued an accompanying order with specific factual findings, the details of which are not relevant to this proceeding. (Id.) On January 15, 2015, the McCabe defendants, nominally on behalf of Wells Fargo, filed a praecipe for writ of execution based on Judge Maier's final trial disposition.[2] (Am. Compl. ¶ 14, Doc. No. 5.) Plaintiff alleges that judgment had not in fact been entered, as post-trial motions were pending. (Id. ¶ 15.) On February 2, 2015, a notation was entered on the docket in the state court proceeding reading "THE WRIT OF EXECUTION FILED ON 1/15/15 WAS ACCEPTED IN ERROR. EXECUTION MAY NOT COMMENCE UNTIL POST-TRIAL MOTIONS HAVE BEEN RULED ON [and] FINAL JUDGMENT IS ENTERED." (Id. ¶ 16.) Plaintiff alleges that, despite being notified of the docket notation by the prothonotary, the McCabe defendants continued to pursue execution upon the purported judgment. (Id. ¶¶ 17–18.) The McCabe defendants served plaintiff with successive notices of sheriff's sale—including a notice dated February 27, 2015,

---

pending motions to dismiss. The facts are drawn from the allegations of plaintiff's complaint and presented in the light most favorable to plaintiff.

[2] Chase holds the right to service the loan on behalf of Wells Fargo. (Am. Compl ¶ 13.)

for a sale on April 7, 2015—based upon the non-final judgment and erroneous writ of execution. (Id. ¶¶ 19–20.) Plaintiff alleges that she incurred attorney's fees and costs in resisting the allegedly improper foreclosure proceedings. (Id. ¶ 21.)

Pursuant to this Court's order, the Clerk of Court initiated this action on April 1, 2015, docketing plaintiff's proposed supplemental complaint from the first federal action as the initial complaint. (Doc. Nos. 1, 2.) After defendants filed motions to dismiss (Doc. Nos. 3, 4), plaintiff filed an amended complaint alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq., by all defendants, and violations of the Pennsylvania Fair Credit Extension Uniformity Act (FCEUA), 73 Pa. Cons. Stat. §§ 2270.1–2270.6, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. §§ 201-1 to 201-9.3 (UTPCPL), by Chase and Wells Fargo. (Doc. No. 5.) Defendants again filed motions to dismiss for failure to state a claim[3] (Doc. Nos. 9, 14.) All defendants argue that Judge Maier's post-trial order issued December 8, 2014, was a final judgment, and that therefore all actions they took in pursuit of execution were proper. (Mem. Supp. Mot. Dismiss of Chase & Wells Fargo 6–7, Doc. No. 9 at 2; Mem. Supp. Mot. Dismiss of McCabe Defs. 7–10, Doc. No. 14 at 8.) Chase and Wells Fargo argue further that they fall within the "process server" exception of the FDCPA and that plaintiff's claims under the FCEUA and UTPCPL are not well-pleaded due to plaintiff's failure to allege an ascertainable loss. (Mem. Supp. Mot. Dismiss of Chase & Wells Fargo 8–11.)

II.     Legal standard

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.

---

[3] We granted the McCabe defendants leave to file their motion to dismiss out of time. (Doc. No. 13.)

2009). "First, the factual and legal elements of a claim should be separated." Id. The court should disregard any legal conclusions but accept all well-pleaded factual allegations as true for purposes of the motion. Id. at 210–11 (citing Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009)). Next, the court determines whether the factual matter in the complaint "state[s] a claim to relief that is plausible on its face." Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

"[A] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Rather, a plaintiff need only allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element" of their claim. Id. at 234 (citing Twombly, 550 U.S. at 556). Assuming the truth of the facts alleged, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326 (1989). "Although the court is generally limited in its review to the facts contained in the complaint, it 'may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case.'" McBride v. Warden of Allegheny Cnty. Jail, 577 F. App'x 98, 99 (3d Cir. 2014) (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994)).

III. Analysis

After examining Pennsylvania state law concerning finality of judgments, the Court concludes that Judge Maier's post-trial order was not a final judgment sufficient to support a writ of execution. The Pennsylvania Supreme Court's discussion of finality of judgments in Moore v.

4

<u>Quigley</u> compels this conclusion. 168 A.2d 334 (Pa. 1961). There, judgment was entered on a jury verdict the day the verdict was rendered, subsequent to which a party filed post-trial motions. 168 A.2d at 335. The trial court denied the post-trial motions over a year after the entry of judgment. <u>Id.</u> The Pennsylvania Supreme Court raised *sua sponte* the question of its appellate jurisdiction, because if the judgment entered on the verdict were final, any appeal would have been untimely. <u>Id.</u> at 335–36. The court concluded that the appeal was timely because the entry of judgment before the time for filing pre-trial motions had expired was improper:

> Whatever period may be fixed by local rule for the filing of such motions, a judgment should not be entered until the time prescribed for such filing has expired, and where a motion for a new trial is filed within the allotted time, judgment cannot, of course, be entered until the motion is disposed of by the court's refusal of a new trial.

<u>Id.</u> at 336 (footnotes omitted). Later courts have followed <u>Moore</u> and held that entry of judgment prior to the time allotted for filing pretrial motions—and if such motions are timely filed, prior to decision on the motions—is improper. <u>See, e.g.</u>, <u>In re Funches</u>, 381 B.R. 471, 478 (Bankr. E.D. Pa. 2008) ("Unlike the federal judicial system, where a judgment typically is entered immediately following the issuance of a decision resolving a case, . . . in the Pennsylvania state court system, a judgment ordinarily is not entered until after post-trial motions have been decided or, where no post-trial motions have been filed, until after the 10–day time period for filing such motions has elapsed."); <u>In re Belmonte</u>, 279 B.R. 812, 814 (E.D. Pa. 2001) ("In the Pennsylvania courts, if post-trial motions are filed, as occurred in this case, judgment is not entered until the court grants or denies the relief requested by the post-trial motion, or, if the court does not enter an order disposing of all post-trial motions within one hundred and twenty (120) days of the filing of the first post-trial motion, a party may praecipe for entry of judgment."); <u>Incollingo v. Ewing</u>, 379 A.2d 79, 84 (Pa. 1977) ("Under [<u>Moore</u>], plaintiff cannot

5

enter judgment on his verdict until the new trial motions have been adjudicated."); Walley v. Iraca, 520 A.2d 886, 888 n.1 (Pa. Super. 1987) ("At the time judgment was entered, appellants' post-trial motions, excepting to the decree nisi, were still outstanding. As such, the March 8 entry of judgment was erroneous, and appellants were not required to file an appeal until the post-trial motions were decided."); Murphy v. Brong, 468 A.2d 509, 511 (Pa. Super. 1983) ("[T]he entry of judgment in favor of the plaintiff while the [post-trial motions] were still outstanding was premature and, therefore, the judgment is void.").

This conclusion is bolstered by the language of the Pennsylvania Rules of Civil Procedure. Rule 1038, pertaining to non-jury trials, refers only to a "decision" of the court following a non-jury trial, and the note thereto states that a decision following a bench trial "is not a final decree, also known as a judgment." By contrast, Rule 227.4,[4] pertaining to entry of judgment in the context of post-trial motions, provides that

> the prothonotary shall, upon praecipe of a party:
> (1) enter judgment upon a nonsuit by the court, the verdict of a jury or the decision of a judge following a trial without jury, if
> (a) no timely post-trial motion is filed; or
> (b) one or more timely post-trial motions are filed and the court does not enter an order disposing of all motions within one hundred twenty days after the filing of the first motion. A judgment entered pursuant to this subparagraph shall be final as to all parties and all issues and shall not be subject to reconsideration; or
> (2) enter judgment when a court grants or denies relief but does not itself enter judgment or order the prothonotary to do so.

---

[4] Rule 227.4 was promulgated in 1983, subsequent to the Pennsylvania Supreme Court's decision in Moore. However, the Court has found no indication that the Rule affected the holding in Moore, and as noted above, courts subsequent to the promulgation of the Rule have found Moore's holding sound.

Defendants argue that Rule 227.4(2) contemplates the possibility that the trial judge could enter judgment without praecipe of a party, and thus that Judge Maier's use of the word "judgment" in his order was sufficient to enter final judgment. (Mem. Supp. Mot. Dismiss of McCabe Defs. 8–9.) In context, however, the rule clearly only contemplates the court entering judgment itself *on post-trial motions*, not on its decision following trial. Further, the trial judge's characterization of its trial order as a "judgment" is not conclusive as to the order's actual effect. See Baughman v. State Farm Mut. Auto. Ins. Co., 656 A.2d 931, 932–33 (Pa. Super. 1995) (disregarding fact that trial judge phrased order as "judgment" and evaluating finality of order based on its effect). Based upon the combination of Moore and Rule 227.4, the Court concludes that Pennsylvania law does not permit entry of judgment upon a nonjury trial decision until either the ten days provided for filing post-trial motions has expired, or if post-trial motions have been filed, until the earlier of 120 days following the filing of the motions or the date the motions are decided.[5] Therefore, to the extent that defendants seek dismissal of the complaint based on the alleged finality of the state court judgment, the motion to dismiss is denied.

Wells Fargo and Chase further argue that the "process server" exception to the FDCPA should shield them from liability. This argument borders on the frivolous. The FDCPA excludes from its definition of "debt collector" "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt." 15 U.S.C.

---

[5] Defendants' proffered authority stating that a Rule 227.4 praecipe was unnecessary for entry of judgment is easily distinguishable based on procedural posture. See Shelly Enters., Inc. v. Gauadagnini, 20 A.3d 491 (Pa. Super. 2011) (holding that a praecipe is unnecessary to enter judgment on grant of motion for judgment on the pleadings); Taxin v. Shoemaker, 799 A.2d 859 (Pa. Super. 2002) (holding that a praecipe is unnecessary where the trial judge issues a judgment *following decision on post-trial motions*); Progressive Home Fed. Sav. & Loan Assoc. v. Kocak, 512 A.2d 808 (Pa. Super. 1985) (holding that a praecipe is unnecessary for entry of judgment on decision on a summary judgment motion). None of these cases dealt with the instant scenario, where "judgment" was entered prior to disposition of post-trial motions, and thus none is dispositive or particularly instructive.

§ 1692a(6)(D). Plaintiff has not attempted to sue any person who directly served legal process on her in this matter, and the process server exception is no broader than this—it applies only to those persons who actually serve or attempt to serve legal process. See Flamm v. Sarner & Assocs., P.C., No. 02-4302, 2002 WL 31618443, at *5 (E.D. Pa. Nov. 6, 2002) (noting that the process server exception does not extend to those who hire or instruct a process server). JPMorgan and Wells Fargo cite Albanese v. Portnoff Law Associates, Ltd., 301 F. Supp. 2d 389 (E.D. Pa. 2004) in support of their argument that service of a writ of execution is exempt from regulation under the FDCPA, but their argument mischaracterizes this case. The court in Albanese concluded that a writ of execution was exempt from *a particular subsection* of the FDCPA—15 U.S.C. § 1692e(11)—which governs the content of notices to debtors and provides that "this paragraph shall not apply to a formal pleading made in connection with a legal action." 301 F. Supp. 2d at 402. Plaintiff makes no claim under subsection 11, so its special exception for legal pleadings is inapplicable to the instant action.

    Finally, we conclude that plaintiff has sufficiently pled an ascertainable loss under the UTPCPL.[6] A private plaintiff pursuing a UTPCPL claim must demonstrate an "ascertainable loss" from any alleged wrongful conduct. 73 Pa. Cons. Stat. § 201-9.2(a). The Pennsylvania Supreme Court recently held that the ascertainable loss element cannot be met by considering only the attorney's fees necessary to bring the UTPCPL action. Grimes v. Enter. Leasing Co. of Philadelphia, LLC, 105 A.3d 1188, 1193 (Pa. 2014). The court concluded that, because attorney's fees are separately recoverable under the UTPCPL, and because allowing the mere acquisition of counsel to trigger a loss under the UTPCPL would essentially render the

---

[6] Plaintiff alleges that, in violating the FDCPA, Chase and Wells Fargo committed a per se violation of the FCEUA, which in itself constitutes a per se violation of the UTPCPL. (Am. Compl. ¶¶ 38–40.)

ascertainable loss element meaningless, a plaintiff must allege something more than the costs and fees associated with bringing suit under the UTPCPL. Id. at 1993–94. Plaintiff alleges that she incurred attorney's fees and costs associated with resisting defendants' efforts to foreclose on her home based upon a non-final judgment.[7] These costs are separate and distinct from the costs of bringing the instant suit and do not raise either the statutory interpretation issue or the bootstrapping problem that concerned the Pennsylvania Supreme Court in Enterprise Leasing. We therefore conclude that plaintiff's allegations that she incurred costs independent of the instant suit and as a result of defendants' alleged acts in executing upon a non-final judgment sufficiently plead an ascertainable loss under the UTPCPL.

IV.    Conclusion

For the foregoing reasons, the motions to dismiss are denied.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

---

[7] Plaintiff also alleges that she suffered "mental anguish" and "emotional distress" due to defendants' conduct. (Compl. ¶ 22.) However, such damages are not recoverable under the UTPCPL. Yelin v. Swartz, 790 F. Supp. 2d 331, 336 n.2 (E.D. Pa. 2011).